**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mahai Dutciuc, | No. CV-09-866-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Meritage Homes of Arizona, Inc., an Arizona corporation; MTH Mortgage, LLC, an Arizona limited liability company; and Does 1-10, | |
| Defendants. | |

Currently before the Court is Defendant Meritage Homes of Arizona's Motion to Dismiss, or In the Alternative, to Compel Arbitration, (Dkt. #58) and Motion to Request to Transform its Motion to Dismiss into a Motion for Judgement on the Pleadings (Dkt. #61). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

**I: PROCEDURAL HISTORY**

The instant case was originally filed in the Central District of California on September 22, 2008. (Dkt.# 52-1). On January 12, 2009, Plaintiff filed his First Amended Complaint, (Dkt. #24), and on February 23, 2009, Plaintiff amended his complaint a second time. (Dkt. #33). Defendant Meritage Arizona and MTH Mortgage, LLC, each filed a Motion to Dismiss Second Amended Complaint on March 12, 2009, (Dkt. #52-1), which Plaintiff

Responded to on April 2, 2009. (Id.). On April 13, 2009, seven days after both Defendants Replied to Plaintiff's Response, the Honorable James V. Selna held a hearing concerning Defendants' Motions to Dismiss. (Id.). On April 15, 2009, Judge Selna issued a Minute Order granting Defendant Meritage Home's Motions to Transfer—filed as part of its Motion to Dismiss—pursuant to 28 U.S.C. § 1404(a) and noted that "[t]he request to compel arbitration and the request to dismiss the fraud claim against MTH [Defendant] are questions for the transferee court." (Id.); (Dkt. #51).

The Central District of California Court officially transferred this case to the District of Arizona on April 24, 2009, and the case was assigned to the Honorable Judge Neil V. Wake. Defendant Meritage Homes of Arizona, Inc. filed the instant Motion to Dismiss, or in the Alternative, to Compel Arbitration, (Dkt. #58), on August 11, 2009, and Plaintiff filed his Response on August 21, 2009. (Dkt. #59). On August 31, 2009, Defendant filed its Answer to Plaintiff's Second Amended Complaint, (Dkt. #60), as well as its Reply in Support of its Motion to Dismiss, or in the Alternative, to Compel Arbitration. (Dkt. #61). As part of its Reply, Defendant also moved to Transform its Motion to Dismiss into a Motion for Judgement on the Pleadings. (Id.). Prior to deciding these Motions, on October 5, 2009, Judge Wake recused himself, issuing an Order Reassigning Case. (Dkt. #62). As a result, the District of Arizona, by random lot, reassigned the case to this Court. (Id.).

**II:  DEFENDANT'S MOTION TO REQUEST TO TRANSFORM ITS MOTION TO DISMISS INTO A MOTION FOR JUDGEMENT ON THE PLEADINGS**

In their Reply in Support of their Motion to Dismiss, Defendant requests that this Court transform its Motion to Dismiss into a Motion for Judgement on the Pleadings. (Dkt. #61). The purpose of Defendant's motion is to address procedural defects raised by Plaintiff in his Response brief; namely, Plaintiff's argument that Defendant's instant Motion to Dismiss is untimely. (Dkt. #59, p.4–6). A motion to dismiss for failure to state a claim may be denied as untimely or may be treated as a motion for judgment on the pleadings if the motion is filed after the filing of an answer. Beery v. Hitachi Home Electronics, Inc., 157 F.R.D. 477, 479 (C.D. Cal. 1993) (citing Aetna Life Ins. Co. v. Alla Medical Services, Inc.,

| | |
|---|---|
| 1 | 855 F.2d 1470, 1474(9th Cir. 1988); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). |
| 2 | Here, Defendant filed its Answer to Plaintiff's Second Amended Complaint on August 31, |
| 3 | 2009, (Dkt.#60), and filed its instant Motion to Request to Transform its Motion to Dismiss |
| 4 | Into A Motion for Judgement on the Pleadings that same day. (Dkt. #61). Plaintiff has not |
| 5 | filed a response to Defendant's motion, timely or otherwise, and, as a result, this Court will |
| 6 | treat it as unopposed. As such, the Court will convert Defendant's Motion to Dismiss into |
| 7 | a Motion for Judgment on the pleadings pursuant to Rule 12(c)of the Federal Rules of Civil |
| 8 | Procedure. |
| 9 | Taking this step both addresses Plaintiff's procedural concerns and allows this Court |
| 10 | to consider the substance of Defendant's Motion to Dismiss, as "[t]he principal difference |
| 11 | between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing." Dworkin |
| 12 | v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Rule 12(c) of the Federal |
| 13 | Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time |
| 14 | as not to delay the trial, any party may move for judgment on the pleadings. "Judgment on |
| 15 | the pleadings is proper, when, taking all of the allegations in the pleadings as true, the |
| 16 | moving party is entitled to judgment as a matter of law." Honey v. Distelrath, 195 F.3d 531, |
| 17 | 532–33 (9th Cir. 1999). "[A] court may dismiss a complaint only if it is clear that no relief |
| 18 | could be granted under any set of facts that could be proved consistent with the allegation." |
| 19 | Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (internal quotation marks omitted). |
| 20 | Functionally speaking, a motion for judgement on the pleadings is no different than a |
| 21 | 12(b)(6) motion to dismiss, and "[b]ecause the Motions are functionally identical, the same |
| 22 | standard of review applicable to a 12(b) motion applies to its Rule 12(c) analog." Dworkin, |
| 23 | 867 F.2d at 1192 (noting, also, that "the Hustler defendants' Rule 12(c) motion was |
| 24 | equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief |
| 25 | could be granted"). |
| 26 | / / / |
| 27 | |
| 28 | |

# III: DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS:

## A. Rule 9(b)

Defendant has challenged the sufficiency of Plaintiff's pleadings concerning fraud. Rule 9(b) of the Federal Rules of Civil Procedure mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This means that the pleadings must be "be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotations omitted)). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir.2003).

As will be discussed *infra*, in Section (III)(B) of this Order, the Court is not prepared at this time to determine if the Second Amended Complaint (SAC) alleges all the necessary state-law elements of fraud, as the Parties dispute what law should be applied—Arizona or California—and neither identified or argued their position based on the proper choice-of-law analysis. This circumstance, however, does not prevent this Court from finding that Plaintiff has not met his Rule 9(b) burden. "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." Vess, 317 F.3d at 1103 (internal quotations omitted). Accordingly, regardless of the Court's ultimate choice-of-law determination, its consideration of particularity is based on federal, not state concerns. Accordingly, under

1  either Arizona or California's law[1], the Court finds that Plaintiff's pleadings do not satisfy
2  Rule 9(b).

After carefully examining the SAC, it appears to this Court that Plaintiff is attempting to allege not one, but two counts of fraud. Specifically, Plaintiff's fraud claim appears to be predicated on two wholly separate incidents: (1) representations made to him by a Meritage employee in 2006 which allegedly caused him to enter into a purchase agreement for real property labeled Lot #409; and (2) representations made to him by Meritage Vice President of Sales, Scot Able, which allegedly caused him to enter into a purchase agreement for a different property, Lot #40. (See Dkt. #33, p.9–11). Because, however, these two separate allegations are included under the umbrella of one claim, Plaintiff's pleading proves confusing and does not "provide [D]efendant[] with adequate notice to allow [it] to defend the charge." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir.1996) (setting forth three purposes that Rule 9(b) serves). Indeed, it is not at all together clear which allegations are meant to support which fraud claim, or, even if Plaintiff means to plead two counts of fraud at all. This lack of particularity is unacceptable and will undoubtedly cause confusion should the Court allow this case to move forward. Accordingly, the Court will grant Defendant's Motion for Judgement on the Pleadings, but without prejudice and with leave to re-file, so Plaintiff can rectify the lack of particularity that plagues the SAC's allegation of fraud.

///

---

[1] Under Arizona law, a showing of fraud requires "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury." Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966). In California, to prove fraud a plaintiff must show "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Small v. Fritz Companies, Inc., 30 Cal.4th 167, 174 (2003).

**B. Choice of Law**

In his response brief, Plaintiff argues that this Court must apply California law to all of the claims in this case. (Dkt. #59, p.8–9). Defendant disagrees, arguing for the application of Arizona law. Because choice-of-law will undoubtedly be an issue in any future filings in this case, the Court will make a few comments regarding the subject. It is well established that when a case has been transferred pursuant to §1404(a), the transferee court is "obligated to apply the state law that would have been applied if there had been no change of venue." Van Dusen v. Barrack, 376 U.S. 612, 639 (1964) ("A change of venue under §1404(a) generally should be, with respect to state law, but a change of courtrooms.") This does not mean, however, that a court must always apply the substantive law of the transferor state. Instead, "the transferee court must follow the choice-of-law rules of the transferor court." Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993) (citing Van Dusen). Accordingly, this Court must apply the same law that would have been applied by Judge Selna in the Central District of California had this case remained under that Court's jurisdiction.

With respect to the fraud claim, in particular, Plaintiff did not cite any authority to support his contention that this Court must apply California law. Defendants, on the other hand, cite to the Restatement (Second) of Choice of Laws §148 ("Fraud and Misrepresentation") in arguing that Arizona law should be applied. While the Court appreciates Defendants' effort to identify the applicable law, their position appears to be incorrect. In cases arising out of a tort, "[q]uestions of choice of law are determined in California ... by the governmental interest analysis." Offshore Rental Co. v. Continental Oil Co., 22 Cal.3d 157, 161 (1978). This test requires that the forum court "search to find the proper law to apply based upon the interests of the litigants and the involved states." Reich v. Purcell, 67 Cal.2d 551, 553 (1967). "The first step of the analysis is to examine the laws of the states involved." Denham v. Farmers Ins. Co., 213 Cal.App.3d 1061, 1065 (1989). "The fact that two states are involved does not itself indicate that there is a "conflict of laws" or "choice of law" problem. Hurtado v.Super. Ct., 11 Cal.3d 574, 580 (1974). "There is

obviously no problem where the laws of the two states are identical." Id. If, however, the laws are not identical, the Court must then consider whether or not a "true conflict" exists. "A 'true conflict' arises only if both states have an interest in having their law applied." Denham, 213 Cal.App. at 1065. If a true conflict is identified, the Court must then engage in a "comparative impairment" analysis, which "is used to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state." Id. at 1066.

Unfortunately, because neither party identified or applied the appropriate choice-of-law standard, they have failed to make any meaningful arguments concerning the elements of the governmental interest analysis test, including whether or not fraud in Arizona is, in fact, identical to California. This failure to properly brief the applicable choice-of-law test may have posed an issue had this Court not found, *supra*, that Plaintiff's fraud claims do not satisfy Rule 9(b). The Court will not look favorably upon any future filing that merely assumes a particular state's law controls without first explaining, based on the applicable test, the reason for such a belief. Any future Motion to Dismiss, therefore, must include briefing on all three prongs of California's governmental interest analysis, citing to the relevant authority.

## IV. OUTSTANDING ARGUMENTS AND MOTIONS

Because this Court will grant Defendant's Motion for Judgement on the Pleadings, Defendant's argument concerning subject matter jurisdiction and its Motion to Compel Arbitration are moot.

**Accordingly**,

**IT IS HEREBY ORDERED** granting Defendant's to Motion Request to Transform its Motion to Dismiss into a Motion for Judgement on the Pleadings. (Dkt. #61).

**IT IS FURTHER ORDERED** granting Defendant's Motion for Judgement on the Pleadings (formerly its Motion to Dismiss) without prejudice. (Dkt. #58).

**IT IS FURTHER ORDERED** granting Plaintiff leave to file his third amended complaint.

**IT IS FURTHER ORDERED** directing Plaintiff to file his third amended complaint by December 30, 2009.

**IT IS FURTHER ORDERED** denying as Moot Plaintiff's Motion to Compel Arbitration. (Dkt. #58).

DATED this 9th day of December, 2009.

_____
Mary H. Murguia
United States District Judge